**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEANNA SMITH,**

                **Plaintiff,**

**-vs-**                                         **Case No. 6:12-cv-1369-Orl-18DAB**

**SOHAAN DEVELOPMENT, INC., a**
**Florida Corporation, DEEPIKA SINGH, an**
**individual, AMANPREET SINGH, an**
**individual,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR PRELIMINARY INJUNCTION [REGARDING DISCOVERY ISSUES] (Doc. No. 31)
>
> **FILED:** March 13, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff Deanna Smith sued Defendant Sohann Development, Inc., Deepika Singh, and Amanpreet Singh, for overtime and retaliation claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, arising out of her employment at their 7-11 Store. Doc. 1. Two other individuals, Wanda Meredith and Theresa Wilson, have apparently filed claims against the same corporate Defendant in state court but are not parties to any litigation in this Court. Doc. 31 at 3. Following depositions in the state action, on March 6, 2013, Defendants' counsel sent a letter to

counsel for Wanda Meredith and Theresa Wilson in the state case (who also happens to be Plaintiff Smith's counsel in this case) allegedly stating that Defendants would have Meredith and Wilson cited for trespassing if they were "found on the premises of any property or business owned by Sohann Development Inc. and/or Mr. and Mrs. Singh."

On March 13, 2013, Plaintiff Smith filed a Motion in this federal case seeking a preliminary injunction to prohibit Defendants from taking any action against Wanda Meredith and Theresa Wilson. Doc. 31. Plaintiff contends that both women will be witnesses in Plaintiff Smith's federal case, once counsel decides to update Plaintiff's Rule 26 Disclosures. Defendants filed their Opposition on March 28, 2013, arguing that Plaintiff's Motion fails to properly and fully support all the elements for a preliminary injunction; the motion relates to the pending state court case; and Defendant's request to not visit or frequent Defendants' business is reasonable and does not violate any federal or state witness tampering laws. Doc. 34.

**Standard for Preliminary Injunction**

The Court may issue a preliminary injunction if the moving party shows: a) a substantial likelihood of success on the merits; b) that the moving party will suffer irreparable injury if the injunction is not issued; c) that the threatened injury to the moving party outweighs the potential damage that the proposed injunction may cause the non-moving party; and d) that the injunction will not be adverse to the public interest. *General Motors Corp. v. Phat Cat Carts, Inc.*, 504 F.Supp.2d 1278, 1282-83 (M.D. Fla. 2006) (citing *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1338-39 (Fed. Cir. 2003) and *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir.1989)); *see also Council v. Department of Veterans Affairs*, 2010 WL 98984, *3 (M.D. Fla. Jan. 6, 2010) (citing *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 374 (2008)).

In order to establish an irreparable harm or injury, a party must show that remedies at law, such as monetary damages, are inadequate to compensate for that injury. *Council v. Department of Veterans Affairs,* 2010 WL 98984, 3 (M.D. Fla. 2010) (citing *Ebay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837 (2006)). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Id.* (quoting *Cunningham*, 808 F.2d at 821). A consideration of these factors by the Court "requir[es] a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief." *Phat Cat Carts*, 504 F.Supp.2d 1278, 1282-83 (citing *Siegel v. LePore*, 234 F.3d 1163, 1178 (11th Cir. 2000)). The decision to grant or deny a preliminary injunction is within the sound discretion of the district court. *Phat Cat Carts*, 504 F.Supp.2d 1278, 1283 (citing *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002)).

Having set forth the requirements for imposition of a "preliminary injunction," the Court notes that resorting to a "preliminary injunction" to regulate a party's conduct of discovery is exceedingly unusual, especially since the Court is empowered to manage discovery through specific Federal Rules of Civil Procedure. Typically, and more appropriately, a party (or a non-party in certain instances) would move the Court pursuant to Rule 26(c) for issuance of a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Among other limitations a court may place upon discovery, a court may require any or all of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court. FED. R. CIV. P. 26(c).

In this case, Plaintiff Smith essentially seeks to preclude Defendants from barring Meredith and Wilson – her un-designated but potential future witnesses – from Defendants' properties.

**Analysis**

As an initial matter, Meredith and Wilson do not have standing in this Court to move for any kind of "injunction" as non-parties to this federal case. Plaintiff's counsel, Mr. Arcadier, refers in the Motion to Meredith and Wilson as "the undersigned's clients," however, they are not his clients in this federal case. Doc. 31. In addition, Mr. Arcadier concededly has not listed these individuals as witnesses in Plaintiff's Rule 26 Disclosures. Doc. 31 at 9 n.11.

Plaintiff's Motion for Preliminary Injunction contends that Defendants have "knowingly threatened physical force, and/or intimidation upon Wanda Meredith and Theresa Wilson with intent to cause or induce them to influence, delay, or prevent the testimony in an official proceeding, in violation of federal and state witness [criminal] tampering laws." Doc. 31. Plaintiff also argues that Defendants have threatened trespass action against Wanda Meredith and Theresa Wilson for their participation as witnesses in the instant action, in "violation of the FLSA retaliation provisions." Doc. 31 at 10. However, these individuals do not have an FLSA case or any other case pending in this Court. Plaintiff contends that Defendants' 7-11 stores from which they seek to bar Meredith and Wilson are places of "public accommodation" under state and federal law, and they should not be barred from these premises short of suspected theft, loitering, or solicitation at those premises. Doc. 31. Plaintiff also complains of the vagueness of the trespassing letters and the anxiety such letters have caused to Meredith and Wilson although Ms. Meredith has apparently moved out of state. Doc. 31 n.4.

Defendants argue that Plaintiff has not shown a likelihood of success on the merits or irreparable harm caused by their request that Meredith and Wilson not visit Defendants' business. Doc. 34. Defendants contend their request is reasonable and does not violate any federal or state

witness tampering laws, and that Plaintiff's allegations to the contrary are baseless, absurd, and illogical. Doc. 34. Defendants further argue that Mr. Arcadier is seeking relief in the wrong court because the matter is irrelevant in this case and should have been filed in the appropriate pending state court case. As evidence that the matter relates to the state court case and not this federal case, Defendants point to the fact that they listed the state case in the subject line of the letters discussing trespass. *See* Doc. 31-1 at 3-4[1]. Defendants also argue Plaintiff's Motion is unwarranted because Meredith and Wilson have not been given formal trespass notices from law enforcement – and will not be cited unless they fail to leave when requested – and Plaintiff's Motion falsely alleges that Defendants' letter was a method of intimidation against "witnesses," when the current disclosures only identify Wanda Meredith as a witness, and as Defendants' witness at that.

Mr. Arcadier's recourse, if any, for discovery improprieties or impediments lies in the state court case in which his two clients, Wanda Meredith and Theresa Wilson, have brought suit against Defendants. Meredith and Wilson are not parties to the FLSA case brought by Plaintiff Smith in this Court, and Plaintiff has not presented sufficient evidence that excluding the two individuals from access to Defendants' business locations will have any impact on Smith proving her case. Defendants also point out that there are 131 other 7-11 stores and many other types of convenience stores throughout the County from which these two individuals may choose to shop.

Moreover, aside from the traditional types of prohibitions against race or disability discrimination in access to public accommodations[2] – which are not alleged here – a business can exclude individuals from its premises as it sees fit. Defendants cite Florida Statute § 810.08 for the

---

[1] The headings used in the disputed letters read: "Re: TRESPASS NOTICE; *Wilson, Meredith, and Rogers v. Sohaan Development Inc.,* Case No. 05-2012-CA-062555." Doc. 31-1 at 3-4.

[2] Title II of the Civil Rights Act prohibits race discrimination in public accommodations. 42 U.S.C. § 2000a. Title III of the Americans with Disabilities Act prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations. 42 U.S.C. § 12182(a). Neither basis is alleged.

proposition that Defendants do not need a reason to withhold access to their property to Theresa Wilson and/or Wanda Meredith. Florida Statute § 810.08 states:

> Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.

Fla. Stat. § 810.08.

As Defendants point out, their letters do not threaten Meredith or Wilson with arrest; the letters merely puts them on notice that they are not welcome on Defendants' properties after both women had apparently visited Defendants' store on two separate occasions. Doc. 31-1. A citation for trespass would be issued only if law enforcement determines it is appropriate.

It is respectfully **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 21, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy