**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEANNA SMITH,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:12-cv-1369-Orl-18DAB**

**SOHAAN DEVELOPMENT, INC., a**
**Florida Corporation, DEEPIKA SINGH, an**
**individual, AMANPREET SINGH, an**
**individual,**

        **Defendants.**
_____

### ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR CONTEMPT, TO STRIKE DEFENDANTS' ANSWER, DISMISS DEFENDANT'S COUNTERCLAIMS, AND ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS IN FAVOR OF PLAINTIFF AND SANCTIONS (Doc. 42)**
>
> **FILED:** September 11, 2013
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part; no opposition to the Motion was filed. It is respectfully **RECOMMENDED** that Defendants' counterclaims be dismissed as a sanction for not obeying the Court's discovery orders.

    Plaintiff Deanna Smith sued Defendant Sohaan Development, Inc. ("Sohaan"), Deepika Singh, and Amanpreet Singh, for overtime and retaliation claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.,* arising out of her employment at their 7-11 Store. Doc. 1. Plaintiff now moves the Court pursuant to Federal Rules of Civil Procedure 37 for the entry of an Order

finding Sohaan in contempt of the Court's previous order to respond to Interrogatories and produce unredacted payroll records for the time period at issue, certain recordings, and the identity of other employees similarly situated to Plaintiff during her employment, and communications with another potential employer (Doc. 41[1]). Plaintiff also moves to strike Sohaan's pleadings, dismissing Sohaan's counterclaims of conversion of $500 cash and $8,000 in merchandise and tortious interference with another Sohaan employee[2], and entering default judgment against it, or allowing in the alternative an adverse inference instruction. Plaintiff also seeks an award of expenses, including attorney's fees.

According to Plaintiff, the documents Sohaan has produced do not comply with the Court's Order. Doc. 42. Of the payroll records Sohaan was ordered to produce for the period at issue, November 2011 through February 15, 2012, Sohaan only produced the payroll analysis from February 9, 2012; however, Plaintiff is not listed on this document and it is therefore unresponsive to Plaintiff's requests and this Court's Order. *No* payroll records indicating how much Plaintiff was paid during the time at issue were produced. Doc. 42 ¶ 13. Sohaan has failed to produce any recordings of the alleged conversion, the tortious interference, or the identity of any witnesses to the acts alleged in its Counterclaims. Mr. Singh testified that there was a video recording to support Sohaan's counterclaims and that the video was maintained on a disc; he was subsequently asked that the disc not be destroyed because it would be requested through the course of discovery. Sohaan has not produced the disc. Doc. 42 ¶ 14. Sohaan has also failed to identify the other employees similarly situated to Plaintiff during her time of employment at issue, handicapping Plaintiff's ability to prove her case and causing extreme prejudice. Doc. 42 ¶ 15. Sohaan has not produced any documents or descriptions of Defendants' communications with Otaal, Inc. Doc. 42 ¶ 16. Sohaan has also failed to produce a large number of un-redacted documents including the identity of the individual preparing the store

---

[1]Familiarity with the Court's prior Order from August 28, 2013 is presumed. Doc. 41.

[2]*See* Doc. 10.

Inventory Report Worksheet at the heart of Sohaan's conversion counterclaim. Doc. 42 ¶ 17. These representations are uncontradicted since Sohaan has failed to file a response to the Motion for Sanctions, despite the Local Rule 3.01(g) certification that the Motion was "opposed." Doc. 42.

Federal Rule of Civil Procedure 37 authorizes a panoply of sanctions for a party's failure to comply with the rules of discovery. Subsection (b) provides that where a party fails to obey a court's order to provide or permit discovery, the court may issue further just orders with following remedies: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part, (iv) staying further proceedings until the order is obeyed, (v) dismissing the action or proceeding in whole or in part, (vi) rendering a default judgment against the disobedient party; (vii) treating as contempt of court the failure to obey any order (with exceptions not relevant here); or awarding reasonable expenses including attorney's fees caused by the failure. Fed. R. Civ. P. 37(b)(2)(A), (C).

"Spoliation" is the "intentional destruction, mutilation, alteration, or concealment of evidence." BLACKS LAW DICTIONARY 1437 (8th Ed. 2004). The Court has broad discretion to impose sanctions derived from its inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (federal law governs the imposition of spoliation sanctions). Sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process. *Id.* The courts have the inherent power to enter a default judgment as punishment for a defendant's destruction of documents:

> Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information. While a litigant is under no duty to keep or retain

> every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

*Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126 (S.D. Fla. 1987) (quoting *Wm. T. Thompson v. General Nutrition,* 593 F.Supp. 1443, 1455 (C.D. Cal. 1984)).

Although federal law controls spoliation sanctions, the Court's opinion may be "informed" by state law, as long as it is consistent with federal law, because federal law in the Eleventh Circuit does not set forth specific guidelines on spoliation. *Flury*, 427 F.3d at 944. Under Florida law, the remedy for a party failing to produce crucial but unfavorable evidence that is destroyed or inexplicably disappears is an adverse inference or discovery sanctions. *Martino v. Wal-Mart Stores, Inc.*, 908 So.2d 342 (Fla. 2005). Prior to the court exercising any leveling mechanism due to spoliation of evidence, the court must decide: 1) whether the evidence existed at one time, 2) whether the spoliator had a duty to preserve the evidence, and 3) whether the evidence was critical to an opposing party being able to prove its *prima facie* case or a defense. *Golden Yachts, Inc. v. Hall*, 920 So.2d 777, 781 (Fla. 4th DCA 2006); *see Flury*, 427 F.3d at 944.

In addition to the factors applied by Florida courts, under federal law in the Eleventh Circuit, the most severe sanction of default, for instance, should be exercised only when there is a showing of bad faith and lesser sanctions will not suffice. *See Flury*, 427 F.3d at 944-45; *see also Aldrich v. Roche Biomedical Laboratories*, 737 So.2d 1124, 1125 (Fla. 5th DCA 1999) (the appropriate sanction when a party fails to preserve evidence in its custody depends on the willfulness or bad faith of the party responsible), *rev. denied*, 751 So.2d 1250 (Fla. 2000). An adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith; thus, negligence in losing or destroying records is not enough for an adverse inference, as "'it does not sustain an inference of consciousness of a weak case.'" *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th

Cir. 1997) (quoting *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)). The Court should not infer that the missing evidence was unfavorable unless the circumstances surrounding the evidence's absence indicate bad faith. *Id.*

In this case, Sohaan has ignored *two* direct and specific Court orders[3] to produce the payroll records for the time period Plaintiff was employed – November 2011 to February 2012, and has only produced *one* record from February 2012, which did not even contain Plaintiff's hours on that record. In response to the Court's Order, Sohaan has also failed to identify *any* other employees similarly situated to Plaintiff during her time of employment who could attest to her hours worked. Plaintiff is left with no choice but to prove her claim based on her own testimony regarding her overtime hours. Sohaan will be barred on summary judgment and at trial from introduction of *any* payroll records to contradict Plaintiff's testimony or the use of similarly-situated employee evidence/testimony to defend against Plaintiff's claims. *See* Fed. R. Civ. P. 37(c) ("a party who fails to disclose information . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."). At the discretion of the District Judge, a spoliation instruction to the jury may also be warranted on Sohaan's failure to produce the missing time records.

Sohaan has also failed to produce any video recordings of the alleged conversion of Sohaan's cash and merchandise by Plaintiff, and the alleged tortious interference, which are Sohaan's two counterclaims, or the identity of any witnesses to the acts alleged in its counterclaims. Sohaan failed to respond to Plaintiff's original Motion to Compel the recording and witness identities (Doc. 41) and has again failed to respond to the instant Motion for Sanctions. Sohaan cannot assert allegations in its counterclaims against Plaintiff and then opt not to participate in discovery (or destroy relevant discovery) regarding those allegations. Accordingly, dismissal of Sohaan's counterclaims for

---

[3]*See* Doc. 19 (FLSA Scheduling Order); Doc. 41 (Order compelling discovery).

conversion[4] and tortious interference is warranted. *See, e.g., Smith v. Atlanta Postal Credit Union*:, 350 Fed. Appx. 347, 350-51 (11th Cir. 2009)[5] (affirming dismissal with prejudice as sanction where plaintiff was recalcitrant and repeatedly failed to comply with the Federal Rules, refused to cooperate during the discovery process, and refused to answer routine questions during her deposition); *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) (a district court does not abuse its discretion by dismissing an action with prejudice "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process").

Lastly, Sohaan's failure to produce any documents or descriptions of Defendants' communications with Otaal, Inc. – a 7-11 store franchisor in Melbourne, who fired Plaintiff shortly after she asserted her FLSA rights against Sohaan – disadvantages Plaintiff in proving her claim of retaliation. Plaintiff requested in discovery all correspondence between Sohaan and her subsequent employer Otaal 1, Inc. based on the Rule 30(b)(6) deposition of Sohaan's corporate representative, at which Plaintiff learned that a member of Otaal 1, Inc. *did* contact Sohaan regarding Plaintiff. No correspondence was produced even after the Court ordered Sohaan to produce it. Subject to the discretion of the District Judge, it appears that Plaintiff is entitled to an adverse factual inference[6] and instruction to the jury directing that the non-produced evidence would have supported the Plaintiff's case on the issue that Defendants Amanpreet Singh, Deepika Singh, and/or Sohaan Development, Inc. contacted and informed Plaintiff's subsequent employer, Otaal 1, Inc., about Plaintiff's assertion of her FLSA rights contained within the August 16, 2012 demand letter. *See* Doc. 1 ¶¶ 29-30. The

---

[4] Sohaan's failure to produce unredacted documents, including the identity of the individual preparing the store "Inventory Report Worksheet" at the heart of Sohaan's conversion counterclaim appears mooted by the Court's ruling to dismiss the counterclaims.

[5] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

[6] The adverse inference is also applicable as a finding of fact in any motion for summary judgment filed by Plaintiff.

precise language of the adverse inference jury instruction must be left to the discretion of the District Judge to determine, depending on the issues remaining in the case at the time of trial.

Plaintiff is also entitled to her attorney's fees in bringing the Motion for Sanctions and the previous Motion to Compel. The Court finds that an award of fees of $4,500 is appropriate for counsel's work on the Motion to Compel[7] and the Motion for Sanctions, both of which had no opposition memorandum filed by Defendants. *See* Fed. R. Civ. P. 37(b)(2)(C) (court must order the disobedient party to pay the reasonable expenses including attorney's fees caused by the party's failure to comply with a court order).

## CONCLUSION

Sohaan will be barred on summary judgment and at trial from introduction of *any* payroll records to contradict Plaintiff's testimony or the use of similarly-situated employee evidence/testimony to defend against Plaintiff's claims. Plaintiff is also entitled to attorney's fees of $4,500 for Defendants' failure to respond to discovery as ordered by the Court.

Subject to the discretion of the District Judge, Plaintiff is entitled to an adverse factual inference and instruction to the jury concerning the non-produced evidence of adverse contact between Defendants and Otaal 1, Inc. At the discretion of the District Judge, a spoliation instruction to the jury may also be warranted on Sohaan's failure to produce the missing time records. It is also respectfully **RECOMMENDED** that Defendants' counterclaims for conversion and tortious interference be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[7]*See* Doc. 41 at 6.

**DONE** and **ORDERED** in Orlando, Florida on October 1, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record